## 51851. BOYD v. BELL et al.

PANNELL, Presiding Judge.

This case was an action by the plaintiff-appellant for actual and punitive damages allegedly occasioned by breach of a fraudulently induced contract on the part of the defendants. The case was in default. Upon the trial, the jury on August 18, 1975, rendered a verdict for $3,676.61 damages with interest thereon at the rate of 6% per annum, plus reasonable attorney fees, plus $50,000 "punitive damages." There was no evidence in reference to the attorney fees sought. The trial judge sent the jury back out with instructions to eliminate the interest and attorney fees.

The jury then returned a verdict August 19, 1975 for $3,676.61 damages and $75,000 "exemplary" damages. The trial judge refused to accept this verdict, whereupon, plaintiff-appellant's attorney stated he would be willing

to accept the smaller verdict. The court then declared a recess and on his own motion declared a mistrial, leaving the case pending in the court below. Appellant moved the court: "1. To enter judgment pursuant to the jury's verdict of this date in the amount of $3676.61 actual damages and $75,000.00 punitive damages against the Defendant's in the captioned matter. 2. To enter judgment against the Defendants in the captioned matter for the legal part of the verdict rendered by the jury on August 13, 1975, said verdict being for '$3,676.61 actual damages with interest thereon at the rate of 6% per annum, plus reasonable attorney's fees, plus $50,000.00 punitive damages.' "

After hearing, the court set aside the judgment declaring a mistrial and ordered that "judgment be entered for plaintiff according to the verdict rendered by the jury on August 18, 1975, provided, however, that judgment be entered on the verdict less those portions of the verdict awarding interest and attorney fees, which by consent of the plaintiff are written off, so that said judgment shall now provide for recovery by plaintiff from the defendants of the sums of $3,676.61 actual damages and $50,000 "exemplary" damages and cost of court. The plaintiff appealed from such judgment and enumerated error (1) on the failure of the trial judge to enter up judgment in favor of the appellant on the second verdict; and (2) erred in failing to instruct the jury they could find different "exemplary damages" when he resubmitted the matter to the jury; and (3) upon the declaration of a mistrial on the occasion referred to above and on a prior occasion; and (4) on the failure of the trial judge to order its judgment entered on September 19, 1975, nunc pro tunc as of August 18, 1975. *Held:*

1. The second verdict having been entered contrary to the instructions of the trial judge, he was correct in refusing to accept the verdict.

2. There was no error in failing to instruct the jury, when the case was resubmitted for the elimination of the interest and attorney fees, that they could find a different amount for "exemplary" damages. What the trial judge instructed the jury to do was what he had authority to do without resubmitting the same to the jury, and the jury having found punitive damages as prayed for an

instruction to them to again find "exemplary" damages, would have been error.

3. The declaration of a mistrial on August 19, 1975, having been revoked by the trial judge, no question as to that declaration is before this court for review. And the case having been retried after a prior declaration of mistrial, the alleged error in such prior mistrial presents no question for review.

4. No reason is given by the appellant as to why it has been harmed by the refusal of the trial judge, in entering its judgment of September 19, 1975, to do so nunc pro tunc as to August 18, 1975. We find no harmful error.

5. The appellant having moved for a judgment based upon the first verdict, and having consented to the elimination of the interest and attorney fees, therein given, cannot now be heard to complain of the entry of such a judgment. The trial judge is affirmed.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 8, 1976 — REHEARING DENIED APRIL 29, 1976 —

*John Genins,* for appellant.